UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BETSY P. ELGAR,

       Plaintiff,

    v.

ALAMEDA UNIFIED SCHOOL DISTRICT,

       Defendant.
_____/

No. C 06-7414 PJH

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT**

    Before the court is plaintiff's "Response to Order of Dismissal and Judgment," a two-page letter in which plaintiff sets forth what appears to be a request that the court vacate its February 12, 2007 judgment dismissing plaintiff's complaint with prejudice. Plaintiff's complaint was originally dismissed on January 8, 2007, pursuant to 28 U.S.C. § 1915(e), for failure to set forth any facts or legal theory justifying this court's jurisdiction. Plaintiff was given leave to amend her complaint in order to cure these deficiencies, or risk dismissal. On January 24, plaintiff filed a five-page letter that the court construed as an amended complaint. It was only after finding that the amended complaint was "incomprehensible" and that "it [was] impossible to discern the legal theories under which [plaintiff] seeks relief," that the court found good cause to dismiss plaintiff's complaint with prejudice and enter judgment accordingly.

    The instant filing by plaintiff – in the form of a two-page letter – is not wholly comprehensible. Plaintiff begins her letter, for example, by making statements regarding the purported deadline for trial of her action, without making clear how or why such statements relate to the instant case. Moreover, statements related to any trial deadlines

United States District Court
For the Northern District of California

are nonsensical, as plaintiff had never been given a scheduled trial date in this action. Indeed, as a plaintiff attempting to proceed in forma pauperis, plaintiff's complaint could not even proceed against the alleged defendant, until plaintiff had first established a legal basis for her complaint – something that this court specifically found wanting.

Notwithstanding such statements, plaintiff does manage to clearly state that she "motions for vacations of judgments." While her invocation of "Rule 236" in this regard is puzzling, considering that no such federal rule of procedure exists, the court nonetheless construes plaintiff's filing liberally, and interprets it as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60. Rule 60 provides a party with the means of altering a judgment in limited circumstances. See Fed. R. Civ. Proc. 60(b). Qualifying circumstances occur when a party is able to demonstrate: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. See id.; see also, e.g., Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007).

Here, however, even as a properly construed motion pursuant to Rule 60, plaintiff has failed to establish that any of the above grounds support a motion to vacate the court's prior judgment and order of dismissal. Not only does plaintiff utterly fail to address any of these statutory grounds in her letter, but plaintiff's supporting statements – again, many of which are illegible or incomprehensible – do not even set forth any type of factual basis from which the court could construe that satisfactory legal grounds for the motion have been presented. Similarly, the numerous looseleaf attachments that plaintiff includes with her letter, a series of documents that appear to relate to various unrelated community outreach programs, fail to provide any explanation as to how or why plaintiff is entitled to relief.

Accordingly, in view of the above, the court hereby DENIES plaintiff's motion to

vacate its prior judgment.  The court's February 12, 2007 judgment dismissing plaintiff's complaint with prejudice remains in effect.  Plaintiff may avail herself of any appeal to which the law entitles her in the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated: March 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge